## Wombacker v. Grindel et ux.

Before Hoban, P. J., Eagen and Robinson, JJ.

*James J. Powell, Jr.*, for plaintiff.

*Robert T. Gownley*, for defendants.

HOBAN, P. J., January 14, 1952.—Claimant filed a lien for work done on one side of a double house of the familiar local type with a single dwelling on each side separated by a common structural partition. The house was described by the designated street number for one side, and the land was described with the technical description contained in the deed to the owners, which described the premises upon which the complete double house is situated.

The owners seem to think the foregoing effort to impose a lien on the property violates section 12 of the Mechanics' Lien Law of June 4, 1901, P. L. 431, 49 PS §§54-55, as an attempt to fasten a lien on two different properties for a claim appropriate to one.

We cannot so read either the claim or the law. The claim presents a correct identification of the building in question with a correct description of the land as available to claimant from the records.

To get any other description of the land claimant would have to interpolate boundaries either by his own survey or his own guesswork, all at the risk of error, a risk which the law does not require him to assume.

Defendants are not harmed, for if execution is attempted the land may be divided so as to restrict a judicial sale to the portion determined to be appurtenant only to the dwelling concerned, under the procedure provided by section 14 of the Mechanics' Lien Law.

Now, January 14, 1952, the rule entered on claimant to show cause why the mechanic's lien and claim filed in the above entitled case should not be stricken off is discharged.